IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTANCE MARY MELLODY, )
                                   ) Civil Action
      Plaintiff            ) No.  12-cv-01419
                                   )
     vs.                         )
                                   )
CAROLYN W. COLVIN[1], )
  Acting Commissioner of the     )
  Social Security Administration )
                                   )
      Defendant            )
                                   )
      and                    )
                                   )
SOCIAL SECURITY ADMINISTRATION    )
                                   )
      Interested Party     )

## O R D E R

        NOW, this 21st day of August, 2013, upon consideration of the following documents:

        (1)    Decision of Administrative Law Judge Jennifer M. Lash dated September 24, 2010;

        (2)    Complaint filed by plaintiff on April 4, 2012;

        (3)    Answer filed by defendant on June 13, 2012;

        (4)    Plaintiff's Brief and Statement of Issues in Support of Request for Review, which brief was filed on July 26, 2012;

        (5)    Defendant's Response to Request for Review of Plaintiff, which response was filed on November 29, 2012;

---

[1]    Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted as the defendant in this suit for the former Commissioner, Michael J. Astrue, whom she replaced.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(6) Plaintiff's Brief in Reply to Defendant's Brief in Response to Plaintiff's Request for Review, which brief in reply was filed on December 7, 2012; and

(7) Report and Recommendation of United States Magistrate Judge Thomas J. Rueter filed February 20, 2013;

after a thorough review of the record in this matter; it appearing that neither party filed objections to Magistrate Judge Rueter's Report and Recommendation; it further appearing that Magistrate Judge Rueter's Report and Recommendation correctly determined the legal and factual issues presented in this case,

IT IS ORDERED that Magistrate Judge Rueter's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that plaintiff's request for review is granted.

IT IS FURTHER ORDERED that the decision of the Commissioner dated September 24, 2010 and affirmed by the Appeals Council on February 1, 2012 which denied plaintiff Constance Mary Melloday's claim for period of disability and disability insurance benefits is reversed to the extent that the matter is remanded to the Commissioner pursuant to this Order.

IT IS FURTHER ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner

for further proceedings consistent with Magistrate Judge Rueter's Report and Recommendation.[2]

IT IS FURTHER ORDERED that the Clerk of Court mark this case closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[2] Specifically, among the further proceedings recommended by Magistrate Judge Rueter and approved in this Order, which the Administrative Law Judge ("ALJ") shall complete are the following:

(1) evaluate all of the medical evidence of record. Specifically, consider any evidence showing residual impairments related to plaintiff's June 2000 kidney transplant and explain what weight, if any, was given to the May 1, 2009 report of Joseph V. Vernace, M.D. a physician who treated plaintiff for knee pain;

(2) re-evaluate plaintiff's credibility after consideration of all of the medical evidence and provide plaintiff with the opportunity to explain her apparent noncompliance with certain treatment recommendations;

(3) consider whether the utilization of a medical expert would be helpful to determine whether plaintiff's testimony is credible; whether plaintiff's impairments were of listing level severity; and whether compliance with medical treatment would impact the severity of the impairments;

(4) reconsider the opinion of Sidney Kobrin, M.D., one of plaintiff's treating physicians, after considering all pertinent medical evidence; and

(5) reevaluate plaintiff's residual functional capacity after consideration of all relevant evidence in the record.

Accordingly, this case is remanded to the Commissioner to allow the ALJ an opportunity to analyze certain evidence in the record and to specify the reasons for certain of her decisions, as recommended by Magistrate Judge Rueter's Report and Recommendation.